## 10968.   CRAWFORD v. HUNT.

1. "One who signs an instrument written by the opposite party at interest therein, without reading it, when he is capable of doing so, can not afterwards set up fraud in the procurement of his signature thereto, when no trick or artifice was resorted to for the purpose of inducing him to thus sign it, and it was not signed under any emergency requiring haste in its execution." *Rounsaville* v. *Leonard Mfg. Co.*, 127 *Ga.* 735 (2) (56 S. E. 1030).

2. A note payable one year after date or as soon as a named estate is wound up is due one year after the date of the note, or sooner if the estate is wound up prior to that time.

DECIDED APRIL 14, 1920.

Complaint; from city court of Atlanta — Judge Reid. September 5, 1919.

Suit was filed July 7, 1919, on a note dated June 1, 1917, and payable " one year after date or as soon as J. B. Crawford's estate is wound up." A demurrer was filed by the defendant as follows: " She especially demurs to said petition because it does not allege whether or not J. B. Crawford's estate is wound up; as suit cannot be maintained without such an allegation and proof thereof." The demurrer was overruled. The defendant filed a plea in which she admitted the signing of the note, but denied that it was due, for the reason that she called the attention of the attorney for the plaintiff to the fact that she could not pay the claim prior to the closing up of the Crawford estate, and that he agreed that the note should be so drawn, and when this agreement was reached " she left the wording to plaintiff's attorney, he being a lawyer and familiar with the construction of legal phraseology, and never doubted but that the wording used in the note meant just what they had agreed to,— that the note should not become due until said estate was wound up." By amendment she alleged " that the estate of J. B. Crawford has not been wound up or closed, as was contemplated by the parties it should be before said note should be due." The judge passed the following order: " Upon motion of plaintiff's attorney, made in open court, the within plea and the amendment thereto is stricken except the admissions contained therein, for the reason that the same sets up no legal defense to the note sued upon." The defendant excepted to the overruling of the demurrer and to the order striking the plea as amended.

*J. J. Barge,* for plaintiff in error.

*McElreath & Scott,* contra.

BLOODWORTH, J. (After stating the foregoing facts.)

The court did not err in either of its rulings on the pleadings.

1. No emergency requiring haste in signing the note is alleged, and no confidential or fiduciary relation existed between the person who drew the contract and the defendant. Indeed, the plea alleged that the note was drawn by the attorney for the plaintiff. "The parties were dealing at arm's length." "Where one who can read signs a contract without apprising himself of its contents, otherwise than by accepting representations made by the opposite party, with whom there exists no fiduciary or confidential relation, he can not defend an action based on it, on the ground that it does not contain the contract actually made; unless it should appear that at the time he signed it some such emergency existed as would excuse his failure to read it, or that his failure to read it was brought about by some misleading artifice or device perpetrated by the opposite party, amounting to actual fraud such as would reasonably prevent him from reading it." *Tinsley* v. *Gullett Gin Co.,* 21 *Ga. App.* 512 (2) (94 S. E. 892), and cit.

2. The court properly construed the words " one year after date or as soon as J. B. Crawford's estate is wound up " to fix the maximum limit of the maturity of the note as one year after date. Contracts must be so construed, if possible, as to give effect to all the words and clauses thereof. The only way to give effect to the two clauses relating to the maturity of the note is to construe them to mean " one year after date, or as soon as J. B. Crawford's estate is wound up if prior to that time." Any other construction would render the words " one year after date " meaningless, and postpone the maturity of the note to some indefinite and uncertain time in the future.

*Judgment affirmed. Broyles, C. J., and Luke, J., concur.*